UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRAVIS P., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:24-CV-496 SRW |
| ) | |
| MARTIN O'MALLEY, ) | |
| Commissioner of Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on review of an adverse ruling by the Social Security Administration. The Court has jurisdiction over the subject matter of this action under 42 U.S.C. § 405(g). The parties consented to the exercise of authority by the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). Plaintiff filed a Brief in support of the Complaint. ECF No. 8. Defendant filed a Brief in Support of the Answer. ECF No. 11. Plaintiff filed a Reply. ECF No. 12. The Court has reviewed the parties' briefs and the entire administrative record, including the transcripts and medical evidence. Based on the following, the Court will reverse the Commissioner's denial of Plaintiff's application and remand the case for further proceedings.

**I.     Factual and Procedural Background**

On January 25, 2022, Plaintiff Travis P. protectively filed an application for disability insurance benefits under Title II, 42 U.S.C. §§ 401, *et seq*. with an alleged onset date of November 1, 2021. Tr. 164-72. Plaintiff's application was denied on initial consideration and reconsideration. Tr. 10, 64-71, 72-79. On September 3, 2022, he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 10, 108-09.

Plaintiff appeared for an online video hearing, with the assistance of counsel, on February 8, 2023. Tr. 31-63. Plaintiff testified concerning his disability, daily activities, functional limitations, and past work. *Id*. The ALJ also received testimony from vocational expert ("VE") Jennifer Sanchez, Ph.D., C.R.C. On May 3, 2023, the ALJ issued an unfavorable decision finding Plaintiff not disabled. Tr. 7-24. On May 30, 2023, Plaintiff filed a request for review of the ALJ's decision with the Appeals Council. Tr. 159-61. On February 22, 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1-6.

With regard to Plaintiff's testimony, medical records, and work history, the Court accepts the facts as presented in the parties' respective statements of facts and responses. The Court will discuss specific facts relevant to the parties' arguments as needed in the discussion below.

## II.     Legal Standard

A disability is defined as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A claimant has a disability "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" § 1382c(a)(3)(B).

The Commissioner follows a five-step sequential process when evaluating whether the claimant has a disability. 20 C.F.R. § 416.920(a)(1). First, the Commissioner considers the

2

claimant's work activity. If the claimant is engaged in substantial gainful activity, the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a severe impairment "which significantly limits claimant's physical or mental ability to do basic work activities." *Hurd v. Astrue*, 621 F.3d 734, 738 (8th Cir. 2010); *see also* 20 C.F.R. § 416.920(a)(4)(ii). "An impairment is not severe if it amounts only to a slight abnormality that would not significantly limit the claimant's physical or mental ability to do basic work activities." *Kirby v. Astrue*, 500 F.3d 705, 707 (8th Cir. 2007); *see also* 20 C.F.R. §§ 416.920(c), 416.920a(d).

Third, if the claimant has a severe impairment, the Commissioner considers the impairment's medical severity. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 416.920(a)(4)(iii), (d).

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, the Commissioner assesses whether the claimant retains the "residual functional capacity" ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 416.920(a)(4)(iv), 416.945(a)(5)(i). An RFC is "defined as the most a claimant can still do despite his or her physical or mental limitations." *Martise v. Astrue*, 641 F.3d 909, 923 (8th Cir. 2011); *see also* 20 C.F.R. § 416.945(a)(1). While an RFC must be based "on all relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of his limitations," an RFC is nonetheless an "administrative assessment"—not a medical assessment—and therefore "it is the responsibility of the ALJ, not a physician, to determine a claimant's RFC." *Boyd v. Colvin*, 831 F.3d 1015, 1020 (8th Cir. 2016).

Thus, "there is no requirement that an RFC finding be supported by a specific medical opinion." *Hensley v. Colvin*, 829 F.3d 926, 932 (8th Cir. 2016). Ultimately, the claimant is responsible for *providing* evidence relating to his RFC, and the Commissioner is responsible for *developing* the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. § 416.945(a)(3). If, upon the findings of the ALJ, it is determined the claimant retains the RFC to perform past relevant work, he or she is not disabled. 20 C.F.R. § 416.920(a)(4)(iv).

Fifth, if the claimant's RFC does not allow the claimant to perform past relevant work, the burden of production to show the claimant maintains the RFC to perform work which exists in significant numbers in the national economy shifts to the Commissioner. *See Brock v. Astrue*, 574 F.3d 1062, 1064 (8th Cir. 2012); 20 C.F.R. § 416.920(a)(4)(v). If the claimant can make an adjustment to other work which exists in significant numbers in the national economy, the Commissioner finds the claimant not disabled. 20 C.F.R. § 416.920(a)(4)(v). If the claimant cannot make an adjustment to other work, the Commissioner finds the claimant disabled. *Id.* At Step Five, even though the *burden of production* shifts to the Commissioner, the *burden of persuasion* to prove disability remains on the claimant. *Hensley*, 829 F.3d at 932.

If substantial evidence on the record as a whole supports the Commissioner's decision, the Court must affirm the decision. 42 U.S.C. §§ 405(g); 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019). "[T]he threshold for such evidentiary sufficiency is not high." *Id*. Under this test, the court "consider[s] all evidence in the record, whether it supports or detracts from the ALJ's decision." *Reece v. Colvin*, 834 F.3d 904, 908 (8th

Cir. 2016). The court "do[es] not reweigh the evidence presented to the ALJ" and will "defer to the ALJ's determinations regarding the credibility of testimony, as long as those determinations are supported by good reasons and substantial evidence." *Id*. The ALJ will not be "reverse[d] merely because substantial evidence also exists in the record that would have supported a contrary outcome, or because [the court] would have decided the case differently." *KKC ex rel. Stoner v. Colvin*, 818 F.3d 364, 370 (8th Cir. 2016).

### III.    The ALJ's Decision

Applying the foregoing five-step analysis, the ALJ found Plaintiff meets the insured status requirements of the Social Security Act through December 31, 2026. Tr. 12. Plaintiff has not engaged in substantial gainful activity since November 1, 2021, the alleged onset date. *Id*. Plaintiff has the severe impairments of "degenerative disc disease of the lumbar spine, neuropathy, and obesity." Tr. 12-14. Plaintiff does not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. Tr. 14-15. The ALJ found Plaintiff had the following sedentary RFC through the date last insured:

> [Plaintiff] can lift up to 10 pounds occasionally. He can stand/walk for about 2 hours and sit for up to 6 hours in an 8-hour workday with normal breaks. He can occasionally climb ramps or stairs, but never climb ladders, ropes, or scaffolds. He can occasionally balance, stoop, kneel, crouch, and crawl. He should avoid concentrated exposure to excessive vibration and operational control of moving machinery. He should avoid unprotected heights and exposure to hazardous machinery.

Tr. 15-16.

The ALJ determined Plaintiff is unable to perform any past relevant work as a ranch hand (*Dictionary of Occupational Titles* ("*DOT*") No. 410.664-010, heavy), establishment (or hunting) guide (*DOT* No. 353.367-014, light, but very heavy as performed), and skinner (*DOT* No.

5

525.684-046, medium, very heavy as performed). Tr. 19. Plaintiff was born on May 20, 1990, and was 31 years old, which is defined as a younger individual age 18-44, on the alleged disability onset date. Plaintiff has a limited education. *Id.* The transferability of job skills was found to be immaterial to the determination of disability because using the Medical-Vocational Rules as a framework supported a finding that Plaintiff is "not disabled," whether or not the claimant has transferable job skills.

Considering Plaintiff's age, education, work experience, and RFC, the ALJ found there were jobs that existed in significant numbers in the national economy that the Plaintiff could perform. Tr. 19-20. These jobs included: charge account clerk (*DOT* No. 205.367-014, with 1,000 jobs in the national economy), ticket checker (*DOT* No. 219.587-010, with 6,500 jobs in the national economy), and telephone quotation clerk (*DOT* No. 237.367-046, with 3,000 jobs in the national economy). Tr. 20.

The ALJ concluded Plaintiff has not been under a disability, as defined in the Social Security Act, from November 1, 2021, through the date of this decision. Tr. 20.

**IV.    Discussion**

Plaintiff presents four assignments of error: (1) the ALJ should have found Plaintiff to be disabled because the medical record supports such a conclusion; (2) the ALJ erroneously excluded Plaintiff's digestive disorders within his evaluation; (3) the RFC was unsupported because it was contrary to the medical opinion of Plaintiff's treating physician; and (4) the Social Security Administration should have provided a new hearing due to improper jurisdiction. ECF No. 8. The Court notes that the Plaintiff lists a fifth assignment of error, but it is essentially a summary of all of the prior arguments. *See id.* at 5, 14-15.

6

**A. Improper Jurisdiction**

As it is a preliminary matter, the Court will first address Plaintiff's jurisdictional argument. Plaintiff explains:

> [A]fter the hearing, but before the Decision, [Plaintiff] received a February 15, 2023 notice from the St. Louis, MO, Office of Hearings Operations (OHO) that Mr. P[.]'[s] Hearing "was assigned to an office with improper jurisdiction." The letter advised [Plaintiff] to supplement the record with everything the ALJ would need to decide the case at "the hearing." Previous notices were from the Creve Coeur, MO, OHO. [Plaintiff was] awaiting a new Hearing Notice from the office with proper jurisdiction when a denial was issued on May 3, 2023. (Tr. 7- 24) The Notice of Decision-Unfavorable had the St. Louis OHO address, but [Plaintiff sees] no indication that the ALJ was moved to this office, and urge that in any event this would not correct determinative error after the hearing.

ECF No. 8 at 12-13. The letter from the St. Louis Office of Hearings Operations is attached to Plaintiff's brief. *See* ECF No. 8-1.

Plaintiff asserts that having the hearing at the wrong office was a procedural error requiring reversal. In support, Plaintiff cites to Section I-2-0-70 of the SSA's Hearings, Appeals and Litigation Law Manual ("HALLEX"), which reads in pertinent part:

> Each hearing office (HO) has jurisdiction over a designated geographic area referred to as the HO's "service area." The HO will generally process all requests for hearing (RHs) for claimants residing in that area. In general, hearings will be held within 75 miles of the claimant's home.
>
> . . .
>
> When an HO receives a RH, the HO staff will screen the RH to determine if the HO has jurisdiction, i.e., whether the claimant's address is in the geographic area the HO serves. If the HO does not have jurisdiction, the HO staff will forward the RH to the HO that does.

HALLEX I-2-0-70(A)-(B).

In response, the Commissioner argues no remand is required for this issue because Plaintiff was given advanced notice that he would receive a hearing before ALJ Henry DeWoskin in the Creve Coeur Office, a hearing was held in which Plaintiff and a vocational

7

expert testified, and a decision by the same ALJ was issued. The Commissioner reasons the correspondence Plaintiff received regarding improper jurisdiction does not support any requirement for Plaintiff to have a new hearing by an ALJ in the St. Louis Office.

The Eighth Circuit has not considered the issue of whether HALLEX must be adhered to by the administrative agency and, if so, whether a deviation from those rules would require a remand upon an appeal to this Court. Presently, there is a Circuit split on how to handle a deviation from HALLEX. *Compare Moore v. Apfel*, 216 F.3d 864, 868-69 (9th Cir. 2000) and *Bordes v. Comm'r,* 235 Fed. Appx. 853, 859 (3d Cir.2007) (finding HALLEX has no legal force); *with Newton v. Apfel*, 209 F.3d 448, 456 (5th Cir. 2000) (although "HALLEX does not carry the authority of the law," remand is necessary if a deviation from HALLEX causes prejudice to the claimant).

This District Court has taken the stance that HALLEX "is not binding on the Social Security Administration. HALLEX is a guideline of propositions of law and procedures for internal use within the Office of Hearings and Appeals. Such sources are not binding on government agencies." *Roux v. Colvin*, No. 4:14-CV-1856 JMB, 2015 WL 5970509, at *6 (E.D. Mo. Oct. 13, 2015) (citing *Schweiker v. Hansen,* 450 U.S. 785, 789 (1981) (per curiam) (holding that another, similar internal procedure handbook, the Social Security Administration's Claims Manual "has no legal force")). *See also Ellis v. Astrue*, No. 4:07-CV-1031 AGF, 2008 WL 4449452, at *16 (E.D. Mo. Sept. 25, 2008) ("[t]he Eighth Circuit would hold that HALLEX does not have the force of law") (citing *Shontos v. Barnhart*, 328 F.3d 418, 424 n. 7 (8th Cir. 2003)); *Lovett v. Astrue,* No. 4:11-CV-1271 RWS, 2012 WL 3064272, at *11 (E.D. Mo. July 6, 2012), report and recommendation adopted, 2012 WL 3062803 (E.D. Mo. July 27, 2012) ("[e]ven if the ALJ [violated HALLEX], the [violation] would be harmless error. Remand is only necessary

where the ALJ's error jeopardizes the existence of substantial evidence to support the ALJ's decision, or where the ALJ applies the wrong legal standard"). Notably, Plaintiff does not address any of the Eastern District of Missouri caselaw holding that HALLEX is not binding.

Following the prior decisions of this District, and assuming without holding that the agency violated HALLEX by assigning this matter to the wrong hearing office, the violation did not result in prejudice sufficient to warrant a remand. Plaintiff was provided with a hearing before an ALJ, and he was given a full and fair opportunity to submit a complete medical record before a determination was issued. Therefore, the Court will not remand on this point of error.

### B. Failure to Consider Plaintiff's Digestive Disorders

The Court will next address Plaintiff's argument that the ALJ erred by not considering his digestive disorders of Crohn's Disease, gastroesophageal reflux disease (GERD), and irritable bowel syndrome (IBS). Plaintiff argues the ALJ should have included a discussion of these impairments because they "appear in the treating medical record," he "has suffered from digestive disorders since he was a teenager," and he testified to "periods of constipation and diarrhea" which has "at times caused him to miss work, and at other times caused him to need a bathroom near to use six or seven times in a day." ECF No. 8 at 10.

The Court agrees with Plaintiff that the ALJ should have considered Plaintiff's digestive orders in the determination. Plaintiff explicitly indicates in his application for SSA benefits that he is filing a claim for disability due to: "Crohn's disease, IBS disease, neuropathy, [and] herniated disc." Tr. 65, 67, 69, 72, 74, 76, 91, 96. Plaintiff describes his digestive conditions as "severe." Tr. 256. During the initial review of his disability claim, the agency identified his digestive system disorders as "medically determinable impairments" despite finding them to be non-severe. Tr. 74.

9

Within his Function Report, Plaintiff described his Crohn's disease and IBS as "very bad." Tr. 200. At his hearing, Plaintiff endorsed suffering from bouts of constipation and diarrhea. Tr. 50-52. During a Disability Examination, Plaintiff indicated he suffered from diarrhea during the day "a couple times a week," which alternates between diarrhea and constipation. Tr. 346. Plaintiff's underlying medical record includes diagnoses of Crohn's disease and IBS, both of which are regularly included within a list of "active problem[s]." *See, e.g.*, Tr. 321, 353, 384, 390, 459, 480, 503, 525, 559, 569, 587, 643, 654.

20 C.F.R. § 416.945(2) provides: "If you have more than one impairment. We will consider all of your medically determinable impairments of which we are aware, including your medically determinable impairments that are not 'severe,' . . . , when we assess your residual functional capacity." "Where an ALJ errs in her failure to consider one of a claimant's impairments, the resulting RFC assessment is called into question inasmuch as it does not include all of the claimant's limitations." *DeGroot v. Colvin*, No. 1:14-CV-45 ACL, 2015 WL 5692302, at *9 (E.D. Mo. Sept. 28, 2015) (citing *Holmstrom v. Massanari*, 270 F.3d 715, 722 (8th Cir. 2001)). *See also Anderson v. Saul*, No. 4:18-CV-316 RLW, 2019 WL 3290130, at *6 (E.D. Mo. July 22, 2019) (substantial evidence does not support an ALJ's decision and the case must be remanded for further evaluation when an impairment is omitted from the discussion); *Weeks v. Colvin*, No. 1:14-CV-56 NAB, 2015 WL 5306183, at *3, 4-5, 10 (E.D. Mo. Sept. 10, 2015) (finding error when ALJ did not discuss sleep disorder/insomnia in decision after Plaintiff testified to symptoms related to those impairments).

Here, the ALJ did not consider Plaintiff's digestive disorders at Step 2 of the sequential evaluation when identifying his severe and non-severe impairments, and did not include them as one of Plaintiff's medically determinable impairments. The ALJ likewise did not consider these

10

impairments at Step 3 of the sequential evaluation when determining whether the combination of Plaintiff's impairments met or equaled an impairment in the Listings, nor did the ALJ address them at Step 4 when assessing Plaintiff's RFC. This failure by the ALJ to consider the effects of all of Plaintiff's diagnosed digestive impairments at any step of the evaluation process runs afoul of the mandates of the Social Security Regulations. Such a failure is not a harmless error because the ALJ did not consider the effects of Plaintiff's digestive disorders together with all impairments, both severe and non-severe, when formulating the RFC. *See DeGroot*, 2015 WL 5692302, at *10; *McGee v. Berryhill*, No. 2:16-CV-9 PLC, 2017 WL 4237001, at *7 (E.D. Mo. Sept. 25, 2017).

The Commissioner argues that the ALJ's exclusion of Plaintiff's digestive disorders from his analysis was reasonable because: (1) Plaintiff did not independently mention gastrointestinal issues when asked about his physical problems at the hearing; (2) one treatment note indicated his digestive disorders were not chronic conditions; (3) a disability examiner wrote that he only experienced diarrhea "a couple of times a week;" and (4) the medical source statement does not mention gastrointestinal issues. *See* ECF No. 11 at 5-6. While the Court agrees with the Commissioner that the medical record is sparse and could support the conclusion that Plaintiff's digestive disorders are non-severe, the "Commissioner cannot cure an ALJ's failure to follow agency regulations by arguing the substance of the record — rather than the ALJ's opinion itself — and performing the analysis the ALJ should have conducted in the first instance." *Hall v. Colvin*, No. 4:12-CV-1877 ACL, 2014 WL 2779342, at *9 (E.D. Mo. June 19, 2014) (citing *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168-69 (1962) ("The courts may not accept appellate counsel's *post hoc* rationalizations for agency action[.]")). *See also Snell v.*

11

*Apfel*, 177 F.3d 128, 134 (2d Cir. 1999) ("[a] reviewing court 'may not accept appellate counsel's *post hoc* rationalizations for agency action'") (quotation omitted).

Consequently, this case must be remanded so that the ALJ may conduct a thorough evaluation of the severity of Plaintiff's digestive disorders at Step Two of the sequential analysis. Regardless of whether the ALJ finds Plaintiff's digestive disorders to be severe on remand, the ALJ should include the effects of this impairment when formulating the RFC.

Because remand is required, the Court need not reach the remaining issues. *See, e.g.*, *Hiler v. Astrue*, 687 F.3d 1208, 1212 (9th Cir. 2012) ("Because we remand the case to the ALJ for the reasons stated, we decline to reach [Plaintiff's] alternative ground for remand."); *Berry v. Kijakazi*, 2021 WL 4459699, at *9 (E.D. Mo. Sept. 29, 2021) ("Because remand is required, the Court does not address all of Plaintiff's arguments.").

Accordingly,

**IT IS HEREBY ORDERED** that the decision of the Commissioner of Social Security is **REVERSED** and that this case is **REMANDED** under 42 U.S.C. 1383(c)(3) and Sentence Four of 42 U.S.C. § 405(g) for reconsideration and further proceedings consistent with this opinion.

So Ordered this 30th day of August, 2024.

_____
STEPHEN R. WELBY
UNITED STATES MAGISTRATE JUDGE